## BURR & COMPANY *vs.* THE CITY OF ATLANTA.

[WARNER, Chief Justice, being engaged in presiding over the senate organized as a court of impeachment, did not sit in this case.]

1. Merchants who ship bacon and corn from St. Louis to Atlanta, to an agent in Atlanta, who sells the goods so shipped by going about the city to engage it, and then delivering it from the cars or freight depot, and who has no store or warehouse, or other place of business in Atlanta, are, by their said agent, itinerant traders, and are liable to the city of Atlanta for taxes imposed upon that occupation or business

2. All other points in respect to constitutional objections to the ordinance imposing the tax are covered by the case of *Davis vs. The City of Macon*, decided at this term.

Tax. Municipal corporations. Constitutional law. Before Judge HILLYER. Fulton Superior Court. March Term, 1879.

Burr & Co. sought to enjoin the City of Atlanta from collecting from them a tax as itinerant traders, under the following ordinance:

"On each $100 00 of the amount of sales of goods, wares, merchandise, produce. shingles, lumber, and all other articles sold by itinerant traders, including those who ship their produce, goods, wares, etc., into the city and sell the same either from the cars or depots or go around the city and sell the same by sample, there shall be levied a tax of $1.50 (excepting those who raise their produce in the country adjacent)," etc.

Complainants alleged the following facts: They are provision dealers in St. Louis. About April 1, 1879, they sent one Sharp to Atlanta to sell to the merchants by the car-load corn and meat. He located at the Markham House, a public hotel. Complainants shipped car-loads of corn and meat to him, and he sold them from the cars to the merchants,—some of them came to the cars and bought without solicitation; others he solicited at their places of business and elsewhere. He did not carry around any of the goods nor samples thereof. For two car-loads he did not find a market, and stored them with resident merchants. One has been sold, the other has been levied on under this tax *fi. fa.* They deny being itinerant traders, and claim that the ordinance is discriminating and unconstitutional.

Defendant's answer denied that Sharp made any sales at the Markham House, but alleged that he sold at the depot and on the streets to merchants and others; also that he sold in towns adjacent to Atlanta, as well as in that city.

The chancellor refused the injunction, and complainants excepted.

There was some question as to the amount of sales, etc., but it is not material here.

MYNATT & HOWELL, for plaintiffs in error.

W. T. NEWMAN, for defendant.

JACKSON, Justice

The plaintiffs in error applied for an injunction to restrain the City of Atlanta from collecting a tax imposed upon them as itinerant traders under the 12th section of the tax ordinance of the city for the year 1878, ending 30th of June, 1879. The chancellor refused the injunction, and they excepted.

The 31st section of the acts of incorporation confers on the city the power to levy and collect such tax from itinerant traders who by themselves *or others* sell any goods, wares or merchandise in the city, as to them shall seem proper; and therefore there can be no doubt of the grant of power to levy the tax, if the complainants be itinerant traders, and be not protected by some other law.

The facts make them, we think, itinerant traders in the city of Atlanta. They have no place of business here—no store or warehouse—but they ship corn and meat by the car-load to an agent here, who goes about the city and engages to deliver the meat and corn from the car or depot to buyers in the city. They would seem to be itinerant, whether we regard the principals, who are a firm in St. Louis, and journey a long way with their goods before it is sold, or the agent here who travels over the city to sell the goods to any who may buy. This case is clearly distinguishable from *Gould & Co. vs. City of Atlanta*, 55 *Ga.*, 678. They, Gould & Co., were not itinerant traders in any sense of these words—whether restricted to peddlers or to traders who journey about to sell in a larger sense than our ordinary idea of a peddler. They rented a house in the city, and there they sold and delivered their goods. But the complainants in the present case have no place of business. Their agent has none. The cars and the depot, open to all the public, is their place of deposit, and from this point their agent goes to and fro over the city, and sells to

whom he can. He is a man who goes about the city to trade, and does trade wherever he can make a bargain, and then delivers the quantity bought. In the large sense in which the word peddler is used in the opinion in the case in the 55 *Ga.*, 678, he peddles this corn and bacon over this city—and is a peddler.

2. But it is said that because the ordinance excepts from the operation of this tax on itinerant traders those who raise their produce in the country adjacent, it conflicts with the uniformity and *ad valorem* clause of the constitution of 1877. The exception, we suppose, was intended to apply not to real itinerant traders, in the true sense of these words, but to farmers who brought in on wagons what they raised at home, and sold it out—whose business was not that either of a peddler or itinerant trader in any sense, but who were farmers, and came to town occasionally to sell what they made at home.

It seems to us that this exception merely separates more clearly from the class of itinerant traders people who never really belonged to that class, and is not repugnant to that clause of our constitution. Nor does it conflict with the rights of citizens of other states.

Indeed, we see nothing in the exception, as it stands, to conflict with anybody's right. People who bring produce here from the country are not peddlers or itinerant traders, but farmers; and practically nobody will ever inquire whether the wagon came from DeKalb or from Greene, from Cobb county, Georgia, or from the state of Tennessee. Adjacent country are big words when used in an Atlanta ordinance. In the mind of our city fathers, the suburbs of Atlanta embrace many villages, and the *country adjacent* stretches indefinitely, and every farmer who wagons here what he makes at home from the soil need fear nothing from any discrimination against him in favor of those who live nearer to the city.

The tax is on business—the business of an itinerant trader; it embraces all such traders—whether by themselves

or agents trading—whether Georgians or Missourians—and the tax is uniform on all and exempts none.

The case is covered by that of *Davis vs. City of Macon*, decided at this term—however, and argument about it is superfluous.

Judgment affirmed.